RECEIVED
IN LAKE CHARLES, LA

SEP - 9 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:98 CR 20058-04 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HENRY L. GREEN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a, "Affidavit, Motion, and Notice for Leave to File and Writ, Motion, and Notice for Motion to Dismiss the criminal Indictment for Want of Criminal Jurisdiction with Memorandum of Law in Support of Actual Innocence" filed by the defendant Henry L. Green "Green" [doc. 748].

On June 11, 1998, a federal grand jury returned a seven-count indictment against the defendant and seven other co-defendants. On June 16, 1998, the defendant made an initial appearance and was arraigned before a United States Magistrate Judge. He pleaded not guilty.

On December 2, 1998, the defendant's attorney filed a Motion to Adopt the Motion of the Other Defendants. One of those motions included a motion to dismiss the indictment. This motion was denied.

On December 8, 1998, a Superceding Indictment was returned. Two additional defendants were included in this Indictment. The defendant was arraigned on the Superceding Indictment on December 17, 1998.

On March 11, 1999, a hearing was held on several motions. These motions were all denied.

A "Motion to Dismiss the Superceding Indictment for Prosecutorial Misconduct in Violation of Double Jeopardy Entrapment Law" filed on behalf of Ronald Green and Johnny Green was dismissed as frivolous and the attorneys were instructed not to submit an invoice for the time spent preparing that motion.

On March 29, 1999, the jury trial began. During the trial on April 2, 1999, Henry Green made a motion in open court to exclude the firearms and marijuana. This motion was denied.

During the trial on April 7, 1999, the defendants made a Motion for Mistrial which was also denied. During the trial after an allegation was made that the rule of sequestration had been violated, a sequestration hearing was held, and the Court found that there was no violation of the sequestration order. All motions for judgment of acquittal by the defense were denied.

On April 13, 1999, the defendant was found guilty as to Counts One, Two and Three. Count One charged the defendant with conspiracy to possess with intent to distribute cocaine base. Counts Two and Three charged him with distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Corey Blount, Benjamin Blount, Johnny Green, and Ronald Green were also found guilty as charged. Joseph Harris was found not guilty.

On July 9, 1999, the defendant was sentenced to life imprisonment as to Count One, 360 months imprisonment as to Count Two and 360 months imprisonment as to Count Three. The defendant's judgment of conviction was affirmed by the Fifth Circuit on July 11, 2002, at *United States v. Green*, 293 F.3d 886 (5th Cir. 2002).

Green filed a Motion to Vacate pursuant to §2255 on August 29, 2003. This motion was denied on January 13, 2004. Green sought a Certificate of Appealability which was denied on April

12, 2004. The appeal was dismissed by the Fifth Circuit on June 17, 2004, for want of prosecution.

On May 21, 2004, Green filed a Motion to Dismiss the Indictment under Fed.R.Crim.P. 12(b)(2), which was denied June 1, 2004.

On July 1, 2004, the defendant filed a successive §2255 which was dismissed August 2, 2004. On November 1, 2004, Green filed a Notice advising the court that he did not believe that he had filed a successive §2255 motion.

Then, on August 28, 2005, Green filed the present Motion to Dismiss the Indictment for Want of Jurisdiction.

There has been a direct appeal and collateral review in this case. Judgment is final and this court has no jurisdiction to dismiss the original indictment for want of jurisdiction.

Lake Charles, Louisiana, this 8 day of September, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE